## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| RANDY NUNEZ, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>BEST BUY CO., INC., a Minnesota corporation, and BEST BUY STORES, L.P., a Virginia limited partnership,<br><br>          Defendants. | Case No. 15-cv-3965 (DWF/SER) |

**Defendants' Memorandum In Support Of Their Motion To Dismiss
The First Amended Complaint Or Alternatively, To Strike Portions
Of The First Amended Complaint**

# Table of Contents

**Page**

Table of Authorities .......................................................................... iii

Introduction .......................................................................................... 1

Standard of Review ............................................................................ 2

Analysis ................................................................................................. 3

I.   Plaintiff Lacks Standing To Assert Claims He Seeks to Allege ..................... 3

    A.   Plaintiff Must Have Article III Standing For Himself And The Class ........................................................................................... 4

    B.   Plaintiff Lacks Standing To Pursue Claims About Products He Never Bought Based Upon Advertising He Never Saw Or Relied Upon ......................................................................... 5

    C.   Plaintiff Lacks Standing To Assert Minnesota Claims ......................... 9

II.  The Claims Asserted Under Minnesota Law Should Be Dismissed ........... 11

    A.   Plaintiff Cannot Pursue Claims Under The MCFA And MFSAA Under Minnesota's Private Attorney General Statute Or For Attorney's Fees under MUTPA ................................................. 11

    B.   Plaintiff Fails To State A Claim For Unjust Enrichment Under Minnesota Law ........................................................................... 13

    C.   As A Sophisticated Consumer, Plaintiff Cannot State A Claim For Violation Of The MUTPA Or MUDTPA ........................................ 14

III. The California Claims Asserted On Behalf Of A California Class Should Be Dismissed .............................................................................. 16

    A.   Plaintiff Lacks Statutory Standing To Assert UCL Fraud Because, As a Professional Plaintiff, He Cannot Allege That He Was Deceived ....................................................................... 16

    B.   Plaintiff Lacks Standing To Assert Claims For Injunctive Relief Or Restitution Under The UCL, CLRA, And FAL ............................. 18

    C.   Plaintiff Cannot State A Claim For Unjust Enrichment Under California Law ........................................................................... 19

    D.   The CLRA Claim For Damages Should Be Dismissed ......................... 21

IV.  Plaintiff's Claims Are Not Pled With The Requisite Particularity .............. 24

V.    The Court Should Strike Portions Of The Complaint .................................... 27

    A.    The Court Should Strike The Class Definitions Because They Are Fatally Overbroad .................................................................. 27

        1.    The Proposed Classes Contain Multiple Putative Class Members Who Cannot Satisfy Article III Standing ................. 27

        2.    Plaintiff's Inexact Class Definitions Include Unintended Putative Class Members ................................................. 32

    B.    The Court Should Strike The National Class Based On the Extraterritoriality Doctrine .......................................................... 33

        1.    Minnesota Consumer Protection Laws Do Not Apply Extraterritorially Under Their Own Terms ............................. 33

        2.    Choice-of-Law Principles Do Not Allow Minnesota Law To Apply To All Nonresidents' Claims ..................................... 35

        3.    Based On The Allegations In The Complaint, Application Of Minnesota Law Would Violate Due Process ...................... 36

    C.    The Court Should Strike Plaintiff's Class Allegations Because They Cannot Satisfy Predominance ........................................... 38

VI.    Conclusion ................................................................................... 39

# Table of Authorities

**Page(s)**

**Cases**

*Allen v. Similasan Corp.*,
    2013 U.S. Dist. LEXIS 139874 (S.D. Cal. Sept. 27, 2013) [Ex. 2][1] ................... 21, 23

*Amchem Prods., Inc.*, 521 U.S. at 615 .............................................................................. 38

*Arnold v. Cargill Inc.*,
    2002 U.S. Dist. LEXIS 13045 (D. Minn. July 15, 2002) [Ex. 3] ............................. 33

*Arroyo v. TP-Link USA Corp.*,
    2015 U.S. Dist. LEXIS 133473 (N.D. Cal. Sept. 29, 2015) [Ex. 4] .............. 18, 19, 24

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................... 3

*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753 (9th Cir. 2015) ................................................................................... 20

*Avritt v. Reliastar Life Ins. Co.*,
    615 F.3d 1023 (8th Cir. 2010) ........................................................................... 27, 28

*Baker v. Best Buy Stores, L.P.*,
    812 N.W.2d 177 (Minn. Ct. App. 2012) ................................................................. 13

*Beckwith v. Dahl*,
    205 Cal. App. 4th 1039 (Cal. Ct. App. 2012) ......................................................... 17

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................... 2

*Berger v. Home Depot USA, Inc.*,
    741 F.3d 1061 (9th Cir. 2014) ................................................................................. 39

---

[1]    All numbered exhibits referenced herein are attached to the Declaration of Seth A. Nielsen filed contemporaneously herewith.

*Buetow v. A.L.S. Enters.*,
713 F. Supp. 2d 832 (D. Minn. 2010) ...................................................... 16

*Buetow v. A.L.S. Enters., Inc.*,
888 F. Supp. 2d 956 (D. Minn. 2012) ...................................................... 13

*C.H. Robinson Worldwide, Inc. v. Ghirardelli Chocolate Co.*,
2004 U.S. Dist. LEXIS 13943 (D. Minn. July 19, 2004) [Ex. 5] ............................ 17

*Californians for Disability Rights v. Mervyn's LLC*,
39 Cal. 4th 223 (Cal. 2006) .............................................................. 16

*Capital Midwest Fund, LP v. Johnson*,
2014 Minn. App. Unpub. LEXIS 723, 2014 WL 3396580 (Minn. Ct.
App. July 14, 2014) [Ex. 6] ............................................................. 15

*Cattie v. Wal-Mart Stores, Inc.*,
504 F.Supp.2d 939 (S.D. Cal. Mar. 21, 2007) ............................................ 22

*Chin v. General Mills, Inc.*,
2013 U.S. Dist. LEXIS 77345 (D. Minn. June 3, 2013) [Ex. 7] ........................ 6, 7, 8

*Cohen v. DIRECTV, Inc.*,
178 Cal. App. 4th 966 (Cal. Ct. App. 2009) ............................................. 39

*Conrad v. Nutramax Labs., Inc.*
2013 U.S. Dist. LEXIS 133072 (N.D. Ill. Sept. 18, 2013) [Ex. 8] ........................... 8

*Contreras v. Johnson & Johnson Consumer Cos, Inc.*,
2012 U.S. Dist. LEXIS 186949 (C.D. Cal. Nov. 29, 2012) [Ex. 9] .......................... 8

*Cruz v. Lawson Software, Inc.*,
2010 U.S. Dist. LEXIS 33437, 2010 WL 890038 (D. Minn. Jan. 5,
2010) [Ex. 10] ................................................................... 33, 35, 37

*Curtis v. Altria Group, Inc.*,
813 N.W.2d 891 (Minn. 2012)......................................................... 12, 13

*Daigle v. Ford Motor Co.*,
2012 U.S. Dist. LEXIS 106172 (D. Minn. July 31, 2012) [Ex. 11] ......................... 13

*Davis-Miller v. Auto. Club of S. California*,
201 Cal. App. 4th 106 (Cal. Ct. App. 2011) ............................................. 39

*Drobnak v. Andersen Corp.*,
  561 F.3d 778 (8th Cir. 2009) .................................................................... 14

*Durocher v. NCAA*,
  2015 U.S. Dist. LEXIS 41110 (S.D. Ind. Mar. 31, 2015) [Ex. 12] ............................. 5

*E-Shops Corp. v. U.S. Bank Nat'l Ass'n*,
  795 F. Supp. 2d 874 (D. Minn. 2011) ....................................................... 24

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974)................................................................................. 32

*Ernst v. Hinchliff*,
  2015 U.S. Dist. LEXIS 119923 (D. Minn. July 27, 2015) [Ex. 13] ........................ 30

*Everett v. Mountains Recreation & Conservation Authority*,
  239 Cal. App. 4th 541 (Cal. Ct. App. 2015) ............................................. 20

*F.D.I.C. v. Dintino*,
  167 Cal. App. 4th 333 (Cal. Ct. App. 2008) ............................................. 20

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993) ................................................................... 5

*Ferrari v. Best Buy Co., Inc.*,
  2015 U.S. Dist. LEXIS 61988 (D. Minn. Mar. 13, 2015) [Ex. 14] .......... 6, 7, 8, 9, 10

*Frenzel v. Aliphcom*,
  76 F. Supp. 3d 999, 1015-16 (N.D. Cal. 2014) ....................................... 22

*Halvorson v. Auto-Owners Ins. Co.*,
  718 F.3d 773 (8th Cir. 2013) ............................................................ 28, 31

*Herron v. Best Buy Stores, L.P.*,
  2014 U.S. Dist. LEXIS 73970 (E.D. Cal. May 28, 2014) [Ex. 15]........................... 23

*Hill v. Roll Internat. Corp.*,
  195 Cal. App. 4th 1295 (Cal. Ct. App. 2011) ........................................... 17

*Hoyt v. Marriott Vacations Worldwide Corp.*,
  2014 U.S. Dist. LEXIS 15570 (D. Minn. Feb. 7, 2014) [Ex. 16] ............................. 27

*In re Carrier IQ, Inc., Consumer Privacy Litig.*,
   78 F. Supp. 3d 1051, 1074-75 (N.D. Cal. 2015) ...................................................... 11

*In re St. Jude Med. Inc.*,
   2009 U.S. Dist. LEXIS 54286 (D. Minn. June 23, 2009) [Ex. 17] .......................... 32

*In re St. Jude Med., Inc.*,
   425 F.3d 1116 (8th Cir. 2005) .................................................... 33, 35, 36, 37

*In re Syngenta AG MIR 162 Corn Litig.*,
   2015 U.S. Dist. LEXIS 124087 (D. Kan. Sept. 11, 2015) [Ex. 18] ......... 33, 34, 35, 36

*In re Tobacco Cases II*,
   240 Cal. App. 4th 779 (Cal. Ct. App. 2015) .......................................................... 19

*In re Tobacco II Cases*,
   46 Cal. 4th 298 (Cal. 2009) .................................................................................. 17

*Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*,
   2014 U.S. Dist. LEXIS 31188 (D. Minn. Mar. 11, 2014) [Ex. 19] .................... 10, 11

*Iowa League of Cities v. Environmental Protection Agency*,
   711 F.3d 844 (8th Cir. 2013) .................................................................................. 4

*Jogani v. Super. Ct.*,
   165 Cal. App. 4th 901 (Cal. Ct. App. 2008) .......................................................... 19

*Johns v. Bayer Corp.*,
   2010 U.S. Dist. LEXIS 10926 (S.D. Cal. Feb. 9, 2010) [Ex. 20].............................. 8

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir.2009) ............................................................................ 3, 25

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (Cal. 2003) ................................................................................ 19

*Kwikset Corp. v. Super. Ct.*,
   51 Cal. 4th 310 (Cal. 2011) .................................................................................. 16

*Lewis v. Casey*,
   518 U.S. 343 (1996)................................................................................................ 9

*Lucky Auto Supply v. Turner*,
    244 Cal. App. 2d 872 (Cal. Ct. App. 1966) ............................................................ 20

*Lujan v. Defendants of Wildlife*,
    504 U.S. 555 (1992) ........................................................................................... 4

*In re Magnesium Oxide Antitrust Litig.*, 2011 U.S. Dist. LEXIS 121373
    (D.N.J. Oct. 20, 2011) [Ex. 21] ....................................................................... 11

*Mason v. Nature's Innovation, Inc.*,
    2013 U.S. Dist. LEXIS 68072 (S.D. Cal. May 13, 2013) [Ex. 22] ........................... 18

*Mazza v. American Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) ......................................................... 35, 37, 39

*McCrary v. Stifel Nicolaus & Co.*,
    687 F.3d 1052 (8th Cir. 2012) ....................................................................... 38

*Minh v. Nystrom*,
    615 N.W.2d 302 (Minn. 2000) .................................................................. 12, 13

*Monsanto Co. v. Geetson Seed Farms*,
    561 U.S. 139 (2010) ........................................................................................ 6

*Morgan v. AT & T Wireless Servs., Inc.*,
    177 Cal. App. 4th 1235 (Cal. Ct. App. 2009) ...................................................... 21

*Moua v. Jani-King of Minnesota, Inc.*,
    613 F. Supp. 2d 1103 (D. Minn. 2009) ............................................................. 26

*Nunez v. Conagra Food Inc., et al.*,
    Case No. 3:06cv1012 (S.D. Cal.) ..................................................................... 14

*Nunez v. Microsoft Corp.*,
    Case No. 3:07-cv-02209 .................................................................................. 14

*Nunez v. NBTY, Inc. et al.*,
    Case No. 3:13cv495 (S.D. Cal.) ....................................................................... 15

*Nunez v. Saks Incorporated et al.*,
    Case No. 3:15cv2717 (S.D. Cal.) ............................................................. 14, 15

*Nunez v. Supervalu, Inc.,*
   2014 U.S. Dist. LEXIS 81742 ................................................................... 15

*Olen v. Northern Tier Retail, LLC,*
   2012 U.S. Dist. LEXIS 62532 (D. Minn. May 4, 2012) [Ex. 23] ............................ 16

*Olson v. Push, Inc.,*
   2014 U.S. Dist. LEXIS 115059 (D. Minn. Aug. 19, 2014) [Ex. 24]........................ 33

*Outboard Marine Corp. v. Super. Ct.,*
   52 Cal. App. 3d 30 (Cal. Ct. App. 1975) .................................................... 21

*Oxina v. Lands' End, Inc.,*
   2015 U.S. Dist. LEXIS 94847 (S.D. Cal. June 18, 2015) [Ex. 25] ............... 18, 21, 24

*Perras v. H&R Block,*
   789 F.3d 914 (8th Cir. June 18, 2015) ................................................... 34, 37

*Perrin v. Papa John's Int'l, Inc.,*
   2013 U.S. Dist. LEXIS 181749 (E.D. Mo. Dec. 31, 2013) [Ex. 26]........................ 28

*Pfizer Inc. v. Super. Ct.,*
   182 Cal. App. 4th 622 (Cal. Ct. App. 2010) .............................................. 18

*Pilgrim v. Universal Health Card, LLC,*
   660 F.3d 943 (6th Cir. 2011) .............................................................. 5, 29

*Quinn v. Walgreen Co.,*
   No. 12cv8187 (S.D.N.Y. Mar. 23, 2015) ................................................... 15

*Rapp v. Green Tree Servicing, LLC,*
   302 F.R.D. 505 (D. Minn. 2014) ............................................................ 36

*Retro TV Network, Inc. v. Luken Communications, LLC,*
   696 F.3d 766 (8th Cir. 2012) ................................................................ 2

*Ruszecki v. Nelson Bach USA LTD.,*
   2015 U.S. Dist. LEXIS 151946 (S.D. Cal. June 25, 2015) [Ex. 27].................... 21, 23

*Schaller Tel. Co. v. Golden Sky Sys., Inc.,*
   298 F.3d 736 (8th Cir. 2002) ................................................................ 3

*Seifi v. Mercedes-Benz USA, LLC,*
   2013 U.S. Dist. LEXIS 147029 (N.D. Cal. Oct. 9, 2013) [Ex. 28] .................... 23, 24

*Select Comfort Corp. v. The Sleep Better Store,*
   LLC, 796 F. Supp. 2d 981 (D. Minn. 2011) ................................................. 3, 24, 26

*Stahl v. United States Dep't of Agric.,*
   327 F.3d 697 (8th Cir. 2003) ................................................................................. 30

*Steel Co. v. Citizens for a Better Env't,*
   523 U.S. 83 (1998) ..................................................................................................... 4

*Sybersound Records, Inc. v. UAV Corp.,*
   517 F.3d 1137 (9th Cir. Cal. 2008) ......................................................................... 17

*Thunander v. Uponor, Inc.,*
   887 F. Supp. 2d 850 (D. Minn. 2012) ....................................................... 3, 4, 14, 25

*Tyler v. Alltel Corp.,*
   265 F.R.D. 415 (E.D. Ark. 2010) ....................................................................... 35, 37

*U.S. ex rel. Joshi v. St. Lukes Hospital, Inc.,*
   441, F.3d 552 (8th Cir. 2006) ................................................................................. 25

*United States v. Henderson,*
   2004 U.S. Dist. LEXIS 32020 (D. Minn. Mar. 16, 2004) [Ex. 29] .......................... 24

*Wallace v. ConAgra Foods, Inc.,*
   747 F.3d 1025 (8th Cir. 2014) ................................................................................... 6

*Weitz Co., LLC v. Lexington Ins. Co.,*
   2011 U.S. Dist. LEXIS 98355 (S.D. Iowa May 25, 2011) [Ex. 30] ......................... 30

*In re: Wellbutrin XL Antitrust Litig.,* 260 F.R.D. 143 (E.D. Pa. 2009) ....................... 11

*Werdebaugh v. Blue Diamond Growers,*
   2014 U.S. Dist. LEXIS 71575 (N.D. Cal. May 23, 2014) [Ex. 31] .......................... 19

*Wisdom v. First Midwest Bank,*
   167 F.3d 402 (8th Cir. 1999) ..................................................................................... 2

*ZL Techs., Inc. v. Gartner, Inc.,*
   2009 U.S. Dist. LEXIS 102681 (N.D. Cal. Nov. 4, 2009) [Ex. 32] ......................... 18

ix

## Statutes

Cal. Bus. & Prof. Code § 17204 ................................................................ 16

Cal. Bus. & Prof. Code § 17208 ................................................................ 38

Cal. Civ. Code §1750 ................................................................................. 22

Cal. Civ. Code § 1783 ............................................................................... 38

Minn. Stat. § 8.31 ............................................................................... 12, 13

Minn. Stat. § 8.31, subd. 3a ..................................................................... 12

Minn. Stat. § 325D.09 ....................................................................... 15, 34

Minn. Stat. § 325D.10 ............................................................................... 34

Minn. Stat. § 325D.15 ............................................................................... 11

Minn. Stat. § 325D.45 ............................................................................... 15

Minn. Stat. § 325F.68-F.69 ...................................................................... 34

Minn. Stat. § 325F.70 ............................................................................... 11

Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69 ...................... 9, 11

Minnesota False Statements in Advertisements Act, Minn. Stat. §
    325F.67 .................................................................... 9, 11, 12, 13, 34

Minnesota Uniform Deceptive Trade Practices Act ................... 9, 14, 15, 34

Minnesota Unlawful Trade Practices Act ....................... 9, 11, 13, 14, 15, 34

Missouri Merchandising Practices Act ..................................................... 34

## Rules

Fed. R. Civ. P. 8(a) .................................................................................... 25

Fed. R. Civ. P. 9(b) ................................................................ 3, 14, 24, 25, 27

Fed. R. Civ. P. 12(b)(6) ......................................................................... 2, 30

Fed. R. Civ. P. 12(f) ............................................................... 3, 5, 32

Fed. R. Civ. P. 23 ..................................................................... 38

Fed. R. Civ. P. 23(b)(3)............................................................. 38

Fed. R. Civ. P. 23(c)(2) ............................................................. 32

Fed. R. Civ. P. 23(d)(1)(D)........................................................ 32

## Other Authorities

U.S. Const., Article III.......................................... 4, 6, 7, 8, 9, 10, 27

## Introduction

Plaintiff Randy Nunez seeks damages and injunctive relief against Best Buy Co., Inc. and Best Buy Stores, L.P. (collectively "Best Buy") for putative nationwide and California classes of people who purchased appliances and other items deceptively advertised or priced at sales prices in Best Buy stores. However, Plaintiff's own claim arises from a single purchase of an over-the-range GE microwave based upon a single advertisement. He has no standing to bring a claim about products he did not purchase, and advertisements he did not read and that did not cause his claimed damages. Moreover, because he is a California resident whose transaction occurred in California, he has no standing to assert claims based upon Minnesota law. Even if he did, Minnesota law does not provide a private right of action, does not apply extraterritorially, and does not provide for recovery in the absence of a public interest in the action. Additionally, neither the Minnesota nor California claims are pled with the requisite particularity, or support an award of unjust enrichment. The California Consumers Legal Remedies Act claim is not supported by an adequate pre-suit notice. And the class allegations are so substantially overbroad that they threaten significant undue burden in the case and must be stricken.

For the foregoing reasons, and as will be shown in greater detail below, the complaint should be dismissed, or at a minimum, the claims should be substantially narrowed and the class allegations stricken.

## Standard of Review

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Fed. R. Civ. P. 12(b)(6); *Wisdom v. First Midwest Bank*, 167 F.3d 402, 406-07 (8th Cir. 1999). To survive a motion to dismiss, the United States Supreme Court has explained that a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

While factual allegations must be accepted as true, more is required than just "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl.*, 550 U.S. at 570. The factual allegations must "raise a right to relief above the speculative level" to establish a reasonable inference of liability. *Id.* "'[C]onclusory statements' and 'naked assertion[s] devoid of further factual enhancement are insufficient.'" *Retro TV Network, Inc. v. Luken Communications, LLC*, 696 F.3d 766, 769 (8th Cir. 2012). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

Additionally, Rule 9(b)'s heightened pleading standard applies to consumer protection claims grounded in allegations of fraud like those alleged by Plaintiff here. *See Select Comfort Corp. v. The Sleep Better Store*, LLC, 796 F. Supp. 2d 981, 983 (D. Minn. 2011); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.2009). To meet this standard, the Complaint "must allege 'such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *Thunander v. Uponor, Inc.*, 887 F. Supp. 2d 850, 876 (D. Minn. 2012) (quoting *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002). Moreover, under Rule 12(f), the Court is empowered to strike class allegations that are "redundant, immaterial, [or] impertinent."

## Analysis

### I.    Plaintiff Lacks Standing To Assert Claims He Seeks to Allege

Because Plaintiff's claim is based upon the purchase of a single, over-the-range GE microwave and a single advertisement, he has no standing to bring a claim about products he did not purchase, and advertisements he did not read that did not cause his claimed damages. Moreover, because Plaintiff is a

California resident whose transaction occurred in California, he lacks standing to assert claims based upon Minnesota law.

**A.    Plaintiff Must Have Article III Standing For Himself And The Class**

Article III standing presents an insurmountable hurdle requiring the vast majority of Plaintiff's claims to be stricken or narrowed by dismissal. Article III standing is a threshold requirement for subject matter jurisdiction that must be established at the commencement of the suit. *See Lujan v. Defendants of Wildlife*, 504 U.S. 555, 570 n.5 (1992); *Iowa League of Cities v. Environmental Protection Agency*, 711 F.3d 844, 839 (8th Cir. 2013). To establish standing, a plaintiff must have a "justiciable case or controversy," which requires: (1) an injury in fact; (2) a causal connection between the injury and the conduct at issue; and (3) a likelihood that the remedy sought will redress the alleged injury. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-104 (1998). This requirement is the same in the class action context. "A class representative must have standing to assert claims on his or her own behalf in order to have standing to assert claims as a class representative." *Thunander v. Uponor, Inc.*, 887 F. Supp. 2d 850, 863 (D. Minn. 2012).

### B.    Plaintiff Lacks Standing To Pursue Claims About Products He Never Bought Based Upon Advertising He Never Saw Or Relied Upon

Without allegations about other products he purchased and other advertisements he read and relied upon, Plaintiff lacks standing to assert claims other than for the advertisement of the microwave he purchased. Since this is a factual determination requiring no discovery, the Court should dismiss Plaintiff's claims to the extent they concern other products and advertisements and strike the overbroad class allegations. *See Pilgrim v. Universal Health Card, LLC,* 660 F.3d 943, 949 (6th Cir. 2011) (finding court may strike class allegations when they involve "a largely legal determination, and no proffered or potential factual development offers any hope of altering that conclusion"); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993) (Rule 12(f) motion to strike "avoid[s] the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial"); *see also Durocher v. NCAA*, 2015 U.S. Dist. LEXIS 41110, *21-22 n.4 (S.D. Ind. Mar. 31, 2015) (listing recent cases granting or affirming motions to strike class allegations).

Plaintiff's alleged injury stems from a single transaction—the purchase of a GE over-the-counter microwave. [First Amended Complaint ("FAC") ¶ 27.] Plaintiff fails to identify the specific advertisement that constitutes the misrepresentation about the price of the microwave. Instead, he vaguely alleges

that "[t]he purchase price was **advertised** as being $20 off the 'regular' price of

$199.99," and that "Defendants' **marketing** stated in red-backed, white lettering:

'SALE LIMITED TIME ONLY.'" [FAC ¶¶ 27-28 (emphasis added).]

Based upon this one transaction, Plaintiff now seeks to assert broad

consumer protection claims on behalf of everyone "who purchased one or more

appliances" since October 2009 "at a purported discount from an original retail

price." [*Id*. ¶ 35.] For the putative California Class, the proposed definition is

even broader and includes anyone who purchased "one or more items" – i.e. not

limited to appliances. [*Id*. ¶ 36.] Plaintiff lacks standing to assert claims on behalf

of a prospective class for injuries that he did not sustain[2] because "Article III

requires 'an injury to be concrete, *particularized*, and *actual* or *imminent*.'" *Wallace*

*v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1030 (8th Cir. 2014) (quoting *Monsanto Co. v.*

*Geetson Seed Farms*, 561 U.S. 139, 149 (2010)).

Interpreting this requirement, Minnesota courts have repeatedly held that

a "Plaintiff lacks standing to assert claims on behalf of the class for [products]

that he did not purchase or advertising that he did not see or rely upon." *Ferrari*

*v. Best Buy Co., Inc.,* 2015 U.S. Dist. LEXIS 61988, *21 (D. Minn. Mar. 13, 2015);

*Chin v. General Mills, Inc.*, 2013 U.S. Dist. LEXIS 77345, *7-8 (D. Minn. June 3,

---

[2]     It is unclear whether Plaintiff would even fall within his own proposed class. He does not claim to have purchased his microwave at a purported discount from an "original retail price," but from Best Buy's "regular price."

2013) (dismissing claims for products plaintiff did not purchase). *Ferrari* and *Chin* compel the dismissal of Plaintiff's claims under Article III for products he did not purchase, and for advertisements that he never saw or relied upon.

In *Ferrari*, the plaintiff purchased a single Insignia-brand television from a Best Buy store in Massachusetts, allegedly due to marketing assertions on the product carton that stated that the television was an "LED TV." *Ferrari*, 2015 U.S. LEXIS 61988, *8. The Court rejected plaintiff's attempt to represent a nationwide class, or alternatively, a class of Massachusetts residents, of purchasers of ***any*** LED-lit LCD televisions sold in a box that describes the television as an "LED TV," and limited plaintiff's claims to the television model number that he purchased and the specific advertising and marketing on the box that plaintiff actually saw and relied upon. *Id*. at *9-10, 21.

In *Chin*, two plaintiffs had purchased various Nature Valley food products marketed by General Mills as being "100% Natural" or "Natural"—claims which plaintiffs asserted were false. 2013 U.S. Dist. LEXIS 77345, *1-3. The court rejected plaintiffs' attempt to maintain a class action on behalf of all persons that purchased a product containing "non-natural" ingredients, but that were advertised as being "100% Natural," because plaintiffs lacked standing to assert claims related to products that they did not purchase. *Id*. at *5, 7.

This limitation of Article III standing is not limited to *Ferrari* and *Chin.* Courts "routinely dismiss claims in consumer class actions that attempt to seek relief relating to products that the named plaintiffs have not purchased." *Chin*, 2013 U.S. Dist. LEXIS 77345, *7-8.[3] Indeed, in dismissing claims related to products that a class action plaintiff did not purchase, some courts have recognized how straightforward the standing issue is in these types of cases, and have explicitly posed the rhetorical question: "how could [plaintiff] possibly have been injured by representations made on a product he did not buy?" *Conrad v. Nutramax Labs., Inc*. 2013 U.S. Dist. LEXIS 133072, *8 (N.D. Ill. Sept. 18, 2013).

Each of these decisions recognize the constitutional limits of Article III standing, as well as the clear rationale behind the standing requirement: without an identified plaintiff who actually purchased a specific product model due to reliance upon an identified advertisement, the potential injury by one or more putative class members stemming from such products or advertisements is conjectural, and far too remote and speculative to withstand a motion to dismiss.

---

[3]      *See also Contreras v. Johnson & Johnson Consumer Cos, Inc.*, 2012 U.S. Dist. LEXIS 186949, *5-7 (C.D. Cal. Nov. 29, 2012) ("[h]aving admittedly not purchased three of the four sunscreen products at issue, Plaintiff cannot have suffered any injury in fact with respect to those products, and therefore lacks Article III standing"); *Johns v. Bayer Corp.*, 2010 U.S. Dist. LEXIS 10926, *13 (S.D. Cal. Feb. 9, 2010) (holding that plaintiff "cannot expand the scope of his claims to include a product he did not purchase or advertisements relating to a product that he did not rely upon).

In the absence of any allegations of an injury related to any other product or advertisement, Plaintiff lacks standing to assert such claims. *See Lewis v. Casey*, 518 U.S. 343, 357 (1996). Plaintiff's claims, to the extent otherwise appropriate, should be limited to the (unspecified) model of GE Microwave he purchased upon the offered price discount he alleges was deceptive.

### C.    Plaintiff Lacks Standing To Assert Minnesota Claims

Based upon his residence and the location of his transaction, Plaintiff also lacks standing to pursue claims under Minnesota law.

Plaintiff is resident of San Diego, California. [FAC ¶ 14.] His claimed injury arises from a single transaction at a single store located in San Diego, California. *Id.* Thus, based on Plaintiff's own allegations, he cannot establish standing to assert claims under Minnesota's consumer protection statutes (Claims 1-4 for violation of the Minnesota Consumer Fraud Act (MCFA), the Minnesota Unlawful Trade Practices Act (MUTPA), Minnesota Uniform Deceptive Trade Practices Act (MUDTPA), and Minnesota False Statements in Advertisements Act (MFSAA)), or for unjust enrichment under Minnesota law (Claim 5). *See Ferrari,* 2015 U.S. Dist. LEXIS 61988, *22-23.

Federal courts, including this Court, have repeatedly held that a plaintiff lacks Article III standing to assert state-law claims unless (1) the plaintiff resides in the state, or (2) suffered an injury in the state. *See, e.g., Ferrari*, 2015 U.S. Dist

LEXIS 61988, *22 ("'[N]amed plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury'") (quoting *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 2014 U.S. Dist. LEXIS 31188, *34 (D. Minn. Mar. 11, 2014)).

*Ferrari* is particularly relevant here because the plaintiff's Minnesota consumer protection claims were based upon substantively identical (and equally inadequate) allegations that "each Defendant's deceptive marketing and advertising campaign . . . was created, approved, and coordinated out of its principal place of business in Minnesota." *See Ferrari*, 2015 U.S. Dist. LEXIS 61988, *22; compare Request for Judicial Notice ("RJN"), Ex. M [No. 0:14-CV-02956-MJD-FLN, First Am. Compl., Oct. 15, 2014, ¶ 78], with FAC ¶¶15-16.

Moreover, courts have recognized that allowing nonresident plaintiffs who lack standing to assert claims would impose an undue burden and costly discovery on defendants. For example, in *Insulate*, the court explained that "[w]ere a named plaintiff not required to establish Article III standing for each class action presented, 'named plaintiffs in a proposed class action, with no injuries in relation to the laws of certain states referenced in their complaint, [would be allowed] to embark on lengthy class discovery with respect to injuries

in potentially every state in the Union." 2014 U.S. Dist. LEXIS 31188, *33-34

(citing *Wellbutrin*, 260 F.R.D. at 155).[4]

Identical concerns bar the action where, as here, Plaintiff seeks to assert

claims on behalf of a national class for all sales of discounted appliances, based

upon the sale of a single microwave in California.

## II.    The Claims Asserted Under Minnesota Law Should Be Dismissed.

### A.    Plaintiff Cannot Pursue Claims Under The MCFA And MFSAA Under Minnesota's Private Attorney General Statute Or For Attorney's Fees under MUTPA

Plaintiff asserts claims under the MCFA and MFSAA (Claims 1 and 4).

However, neither the MCFA nor the MFSAA includes a private right of action.

*See* Minn. Stat. § 325F.70 ("the attorney general ... may institute a civil action");

Minn. Stat. § 325F.67 ("[t]he duty of strict observance and enforcement . . . is

hereby expressly imposed on the attorney general"). Moreover, the MUTPA does

not provide for recovery of attorney's fees, the relief sought. *See* Minn. Stat.

§ 325D.15.

---

[4]    *See also In re Carrier IQ, Inc., Consumer Privacy Litig.*, 78 F. Supp. 3d 1051, 1074-75 (N.D. Cal. 2015) (dismissing state law claims brought under the laws of 35 states, including Minnesota, where plaintiffs did not allege an injury in those states, and expressing reservations of subjecting defendant to the burden and expense of nationwide discovery absent named plaintiffs with standing); *see also In re Magnesium Oxide Antitrust Litig.*, 2011 U.S. Dist. LEXIS 121373, *37-38 (D.N.J. Oct. 20, 2011).

Presumably due to these limitations, Plaintiff attempts to proceed under Minnesota's Private Attorney General Statute, Minnesota Statute § 8.31 (the "Private AG Statute"). He includes the language "as authorized by Minn. Stat. § 8.31, subd. 3a" for these causes of action, and for Plaintiff's request for attorney's fees, which are not otherwise available. [FAC ¶¶ 55, 64, 80.]

However, the Minnesota Supreme Court has clearly articulated that the rights of a private litigant under the Private AG Statute are a subset of the attorney general's rights, and not as broad. *Curtis v. Altria Group, Inc.*, 813 N.W.2d 891, 899 (Minn. 2012); *Minh v. Nystrom*, 615 N.W.2d 302, 313 (Minn. 2000) (finding breadth of Private AG Statute "can be no broader" than the attorney general's authority).

Thus, Plaintiff's claims under the Private AG Statute fail for at least two independent reasons. First, Plaintiff's alleged injury, as a California resident, as well as those of the National Class (excluding Minnesota residents), fall outside the scope the attorney general's authority. Just as the attorney general may only pursue claims on behalf of "the State and its citizens," *Curtis*, 813 N.W.2d at 899, a private litigant may only pursue claims on behalf of Minnesota residents under the Private AG Statute.

Second, the Complaint fails to allege that the MCFA and MFSAA claims are being pursued for the public benefit or what that benefit is, particularly with

12

respect to out-of-state residents covered by other states' consumer protection laws. *See Ly v. Nystrom*, 615 N.W.2d 302, 314 (Minn. 2000). This is "a necessary element of a plaintiff's cause of action" under the Private AG Statute. *Buetow v. A.L.S. Enters., Inc.*, 888 F. Supp. 2d 956, 960 (D. Minn. 2012).

Since the Complaint extends beyond claims of Minnesota residents and lacks any allegations of a public benefit, the MCFA and MFSAA claims (Claims 1 and 4) should be dismissed for failure to comply with the Private AG Statute's requirements. *See Curtis*, 813 N.W.2d at 899; *Baker v. Best Buy Stores, L.P.*, 812 N.W.2d 177, 183 (Minn. Ct. App. 2012) (affirming dismissal of MCFA claim where "complaint is devoid of any allegations that the complaint was brought for the 'public benefit' or how their action benefits the public."). In the absence of a general public interest, attorney's fees are not recoverable under MUTPA.

### B.    Plaintiff Fails To State A Claim For Unjust Enrichment Under Minnesota Law

Plaintiff also asserts a claim for unjust enrichment under Minnesota law (Claim 5). To establish unjust enrichment in Minnesota, the claimant must show that "the defendant has knowingly received or obtained something of value for which the defendant in equity and good conscience should pay." *Daigle v. Ford Motor Co.*, 2012 U.S. Dist. LEXIS 106172, *31 (D. Minn. July 31, 2012) (quotation omitted). The equitable claim for unjust enrichment "may only stand, however,

when no other legal remedies are available to the plaintiffs." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 787 (8th Cir. 2009). Particularly without an attempt to return the microwave or tender it as a prelude to litigation, the claim for unjust enrichment under Minnesota law should be dismissed because Plaintiff possesses adequate legal remedies. *See id.* (dismissing unjust enrichment claim where "plaintiffs would have had an adequate legal remedy" under the MCFA and MUTPA "if they had adhered to . . . Rule 9(b) pleading requirements"); *Thunander*, 887 F. Supp. 2d at 878 ("Because an adequate remedy existed, their claims for equitable relief are therefore dismissed.").

### C.    As A Sophisticated Consumer, Plaintiff Cannot State A Claim For Violation Of The MUTPA Or MUDTPA

Plaintiff is a sophisticated consumer with a history of consumer protection lawsuits, including the most recent *Saks* Complaint based on a single purchase during the same shopping spree that gives rise to this action, and that also alleges deceptive and false "sale" and "market" prices.[5]

---

[5]    Plaintiff has served as a class representative for his counsel, Todd Carpenter, on a nearly continuous basis since 2006, including in the recent *Saks* Complaint in which he makes claims virtually identical to those presented here. [*See* RJN, Exs. A-J.]

*Nunez v. Conagra Food Inc., et al.*, Case No. 3:06cv1012 (S.D. Cal.) (filed May 9, 2006, dismissed Oct. 2, 2006 after court found Plaintiff failed to allege any injury to him or putative class members from chemical in microwave popcorn);

*Nunez v. Microsoft Corp.*, Case No. 3:07-cv-02209 (filed Nov. 20, 2007, dismissed Sept. 22, 2009 (product defect related to Halo3 video game; dismissed

By its express terms, the MUTPA is designed to protect consumers from being misled "into believing that they are buying merchandise at prices substantially below regular retail prices . . . ." Minn. Stat. § 325D.09. Nothing in the statute (or the decisions of the Minnesota courts applying it) indicates that it is intended to protect purchases made by sophisticated consumers. *See Capital Midwest Fund, LP v. Johnson*, 2014 Minn. App. Unpub. LEXIS 723, *9 (Minn. Ct. App. July 14, 2014) (finding MUTPA is not meant to protect investments undertaken by sophisticated consumers). Since professional consumer class action plaintiffs cannot be deceived as Plaintiff alleges he was here, they are not deserving of the MUTPA's protection.

Moreover, the sole remedy for a claimed violation of the MUDTPA is injunctive relief in order to protect a person "*likely to be damaged* by a deceptive trade practice of another . . ." Minn. Stat. § 325D.45 (emphasis added). Consequently, in order to obtain injunctive relief under the MUDTPA, Plaintiff must allege a risk of future harm. But Plaintiff cannot allege a likelihood of future

---

for lack of subject matter jurisdiction)*;*
    *Nunez v. Supervalu, Inc.*, 2014 U.S. Dist. LEXIS 81742 (Dkt 41) (filed Mar. 13, 2013, dismissed May 29, 2015 (after settlement of related claims in *Quinn v. Walgreen Co.*, No. 12cv8187 (S.D.N.Y. Mar. 23, 2015), ECF No. 171);
    *Nunez v. NBTY, Inc. et al.*, Case No. 3:13cv495 (S.D. Cal.) (filed Mar. 1, 2013, remains pending but stayed pending appeal in *Pearson v. NBTY, et al.*, Case No. 11-cv-07972 (N.D. Ill.) (earlier-filed glucosamine class action) in which Nunez was denied intervention, 2015 U.S. Dist. LEXIS 133706).
    *Nunez v. Saks Incorporated et al.*, Case No. 3:15cv2717 (S.D. Cal.).

harm where, as here, he is not only a sophisticated consumer, but also a professional consumer class action plaintiff who has filed multiple actions alleging deceptive pricing practices. There is no likelihood Plaintiff will be damaged by Best Buy's allegedly deceptive advertisements in the future. *See Olen v. Northern Tier Retail, LLC*, 2012 U.S. Dist. LEXIS 62532, *20 (D. Minn. May 4, 2012) (finding no likely risk of future harm because plaintiff "is now on notice of [defendant's] blocking practice"); *Buetow v. A.L.S. Enters.*, 713 F. Supp. 2d 832, 843 (D. Minn. 2010).

## III.    The California Claims Asserted On Behalf Of A California Class Should Be Dismissed

### A.    Plaintiff Lacks Statutory Standing To Assert UCL Fraud Because, As a Professional Plaintiff, He Cannot Allege That He Was Deceived

To have standing to assert any UCL claim, Plaintiff must allege that he (1) "has suffered injury in fact," and (2) "has lost money or property as a result of such unfair competition." *Californians for Disability Rights v. Mervyn's LLC*, 39 Cal. 4th 223, 227 (Cal. 2006) (citing Cal. Bus. & Prof. Code § 17204). For Plaintiff's UCL misrepresentation claim, "as a result of" means "caused by" and requires a showing of actual reliance by Plaintiff on the alleged sale price misrepresentation. *See Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 326-27 (Cal. 2011).

To survive a motion to dismiss, Plaintiff must therefore allege a belief that the alleged misrepresentation was true, and that absent the alleged misrepresentation, he would not have purchased the product. *See In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (Cal. 2009); *Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1063 (Cal. Ct. App. 2012) (requiring belief representation was true to plead actual reliance).

As above, Plaintiff's history as a professional consumer class action plaintiff precludes such allegations as a matter of law. Neither professional plaintiffs who are not harmed nor ignorant consumers who are unreasonable are protected by the UCL. *See Hill v. Roll Internat. Corp.*, 195 Cal. App. 4th 1295, 1304 (Cal. Ct. App. 2011) (finding UCL standard is the ordinary consumer in the general population and "not a least sophisticated consumer, unless the advertising is specifically targeted to such a consumer"); *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. Cal. 2008) (dismissing claim for unlawful violation of UCL between sophisticated contracting parties); *C.H. Robinson Worldwide, Inc. v. Ghirardelli Chocolate Co.*, 2004 U.S. Dist. LEXIS 13943, *9-10 (D. Minn. July 19, 2004) (dismissing UCL unfair competition claim filed by "sophisticated business entity").

**B.    Plaintiff Lacks Standing To Assert Claims For Injunctive Relief Or Restitution Under The UCL, CLRA, And FAL**

As with the Minnesota consumer protection statutes, Plaintiff may obtain injunctive relief only so long as there is a sufficient likelihood that he will be harmed in a similar way by Best Buy in the future. *See Pfizer Inc. v. Super. Ct.*, 182 Cal. App. 4th 622, 631 (Cal. Ct. App. 2010); *Arroyo v. TP-Link USA Corp.*, 2015 U.S. Dist. LEXIS 133473, *11-13 (N.D. Cal. Sept. 29, 2015). Restitution is available under the UCL and FAL only if Best Buy received a financial benefit from its alleged deceptive advertising, resulting in an economic loss to Plaintiff. *See ZL Techs., Inc. v. Gartner, Inc.*, 2009 U.S. Dist. LEXIS 102681, *32-33 (N.D. Cal. Nov. 4, 2009).

In the Complaint, Plaintiff has omitted any allegations that he is likely to purchase an appliance from Best Buy again or that he would be deceived by similar price advertising. Thus, Plaintiff lacks standing to seek prospective injunctive relief under the UCL, CLRA, and FAL. *See Oxina v. Lands' End, Inc.*, 2015 U.S. Dist. LEXIS 94847, *18-19 (S.D. Cal. June 18, 2015) (dismissing claims for injunctive relief under the UCL and CLRA in absence of likelihood plaintiff will be wronged in a similar way in the future); *Mason v. Nature's Innovation, Inc.*, 2013 U.S. Dist. LEXIS 68072, *15-16 (S.D. Cal. May 13, 2013) (dismissing claim for injunctive relief where plaintiff has no intention of buying defendant's product in the future). Moreover, Plaintiff cannot amend to correct this defect because he

cannot plausibly claim he will purchase an appliance from Best Buy in the future in reliance upon an advertisement he does not know to be false. *See Arroyo*, 2015 U.S. Dist. LEXIS 133473, *12-13 ("The fact that Plaintiff claims that he may purchase the product at-issue in the future is inconsistent with his theory of liability, and with any injunctive relief that could issue in this case.").

Finally, restitution only encompasses money or property to which Plaintiff has an ownership interest. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144-45 (Cal. 2003). In UCL mislabeling cases, the proper measure of restitution is the amount necessary to compensate Plaintiff for the difference between the value of the GE Microwave as labeled and the actual value he received. *See In re Tobacco Cases II*, 240 Cal. App. 4th 779, 791 (Cal. Ct. App. 2015); *Werdebaugh v. Blue Diamond Growers*, 2014 U.S. Dist. LEXIS 71575, *77 (N.D. Cal. May 23, 2014). Since the Complaint does not contain any allegations that the GE Microwave is worth less than the amount paid, Plaintiff lacks standing to pursue a claim for restitution.

### C.    Plaintiff Cannot State A Claim For Unjust Enrichment Under California Law

California courts generally have held that "unjust enrichment is not a cause of action, but a general principle underlying various doctrines and remedies, including quasi-contract." *Jogani v. Super. Ct.*, 165 Cal. App. 4th 901,

911 (Cal. Ct. App. 2008); *see Everett v. Mountains Recreation & Conservation Authority*, 239 Cal. App. 4th 541, 553 (Cal. Ct. App. 2015). The Ninth Circuit, however, recently concluded that while there is no standalone claim, and no contractual relationship, a court may "construe the [unjust enrichment] cause of action as a quasi-contract claim seeking restitution." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Even assuming that analysis is correct, Plaintiff is still not entitled to restitution based on a quasi-contract claim here.

In California, unjust enrichment is defined as "the result or effect of a failure to make restitution of or for property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor." *Lucky Auto Supply v. Turner*, 244 Cal. App. 2d 872, 885 (Cal. Ct. App. 1966). Plaintiff has not alleged that the value of the GE Microwave is less than he paid, or that he could have purchased it elsewhere for the same or less.

Without these allegations, Plaintiff has not adequately alleged unjust enrichment because Best Buy has not received a benefit it should restore to Plaintiff lest its retention would be unjust. *See F.D.I.C. v. Dintino*, 167 Cal. App. 4th 333, 346 (Cal. Ct. App. 2008) (quoting 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 1013, p. 1102)). Based on his Complaint, Best Buy has not received a benefit at Plaintiff's expense. Without it, the claim for unjust enrichment must be dismissed.

### D.    The CLRA Claim For Damages Should Be Dismissed

Before a party is permitted to file a CLRA claim for damages, it must provide adequate pre-suit notice to the defendant. *See Oxina*, 2015 U.S. Dist. LEXIS 94847, *6. The CLRA notice is intended to provide a defendant with sufficient notice of the practices that are alleged to be deceptive and allow appropriate corrections. *See Outboard Marine Corp. v. Super. Ct.*, 52 Cal. App. 3d 30, 40-41 (Cal. Ct. App. 1975). Significantly, in order to be adequate, the notice must identify "each particular product the plaintiff is seeking damages for under the CLRA, even when the products are substantially similar." *Ruszecki v. Nelson Bach USA LTD.*, 2015 U.S. Dist. LEXIS 151946, *14 (S.D. Cal. June 25, 2015). Absent adequate notice, a CLRA claim for damages must be dismissed because strict compliance is required. *See Allen v. Similasan Corp.*, 2013 U.S. Dist. LEXIS 139874, *17 (S.D. Cal. Sept. 27, 2013); *Morgan v. AT & T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1261 (Cal. Ct. App. 2009).

On October 28, 2015, Plaintiff sent a CLRA pre-suit notice to Best Buy Co., Inc. (not Best Buy Stores, L.P.) that did not refer to any specific product or transaction. [RJN, Ex. K.] Instead, it referred generally to "merchandise advertised or sold at a purported discount," and thus left Best Buy with no way to investigate Mr. Nunez's notice. *Id*. The next day, Plaintiff filed the original

Class Action Complaint. (Docket No. 1.) Only Best Buy Co., Inc. was named as a defendant.

On November 30, 2015, after counsel had met and conferred about the fact that Best Buy Stores, L.P. operates the stores and Best Buy Co., Inc. does not, the parties executed and the Court granted a stipulation permitting Plaintiff to file an amended complaint adding Best Buy Stores, L.P. as a defendant. [Docket Nos. 19 & 21.] On December 1, 2015, Plaintiff filed his First Amended Complaint. [Docket No. 22.] In it, Plaintiff asserts a count on behalf of a putative California class for violations of the CLRA, Cal. Civil Code §1750, et seq., and seeks damages. [FAC ¶¶ 122-127.]

Under California law, the pre-suit notice requirement is strictly construed, and the failure to give notice to a party precludes any claim for damages against Best Buy Stores, L.P. The CLRA notice also did not identify any specific product for which it sought action from Best Buy Co., Inc. Instead, the notice referred generally to "Products." The CLRA notice is therefore defective as to both Best Buy entities, and the CLRA damages claim should be dismissed with prejudice in its entirety. *See Cattie v. Wal-Mart Stores, Inc.*, 504 F.Supp.2d 939, 950 (S.D. Cal. Mar. 21, 2007) (finding dismissal with prejudice appropriate where plaintiff fails to comply with CLRA's strict notice requirements); *Frenzel v. Aliphcom*, 76 F. Supp. 3d 999, 1015-16 (N.D. Cal. 2014) (dismissing CLRA claims based on first

and third generation products because CLRA letter only specified that plaintiff purchased the second generation product); *Herron v. Best Buy Stores, L.P.*, 2014 U.S. Dist. LEXIS 73970, *6 (E.D. Cal. May 28, 2014) (dismissing damages component of CLRA claim concerning products not referenced in the CLRA notice). Many courts have found a general description of products like that used by Plaintiff here to be deficient. *See Ruszecki*, 2015 U.S. Dist. LEXIS 151946, *14 (dismissing claims under CLRA with prejudice "insofar as they are based on products and alleged misrepresentations that were not specified in the CLRA letter" and allowing CLRA claims to proceed "only to the extent that the specific product and specific allegedly false and misleading label claims were identified in the letter"); *Seifi v. Mercedes-Benz USA, LLC*, 2013 U.S. Dist. LEXIS 147029, *25 (N.D. Cal. Oct. 9, 2013). ("Plaintiffs cite no legal authority supporting the claim that they may maintain a CLRA money damages claim by serving a demand letter that places [defendant] on notice for a product that the Plaintiffs do not own merely because the Plaintiffs hope that, pending class certification, the putative class will contain owners of that product."); *Allen*, 2013 U.S. Dist. LEXIS 139874, *6-9 (dismissing the plaintiffs' CLRA claims based on misrepresentations not specifically raised in the notice letter). Moreover, Plaintiff cannot provide CLRA notice for any appliance he did not purchase, which excludes every

appliance except for the GE Microwave (which itself is not identified in the notice). *See Seifi*, 2013 U.S. Dist. LEXIS 147029, at *25-26.

Additionally, since only Best Buy Co., Inc. was provided with statutory notice, albeit a defective notice, the Court should strike the CLRA damages against Best Buy Stores, L.P. *See Oxina*, 2015 U.S. Dist. LEXIS 94847, at *6.

## IV.    Plaintiff's Claims Are Not Pled With The Requisite Particularity

"The particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure applies to claims of false advertising, deceptive trade practices, unlawful trade practices, and consumer fraud." *Select Comfort*, 796 F. Supp. 2d at 983. Because each of Plaintiff's consumer protection and unjust enrichment claims (Claims 1-10) is rooted in fraud, each must be pled with the particularity required by Rule 9(b). *E-Shops Corp. v. U.S. Bank Nat'l Ass'n*, 795 F. Supp. 2d 874, 879 (D. Minn. 2011) (Rule 9(b) applies to consumer protection statutes where "the gravamen of the complaint is fraud"); *see Arroyo*, 2015 U.S. Dist. LEXIS 133473, *5 (applying heightened pleading requirement of Rule 9(b) to fraud-based deceptive marketing claims, including UCL, CLRA, and FAL); *United States v. Henderson*, 2004 U.S. Dist. LEXIS 32020, *6-7 (D. Minn. Mar. 16, 2004) (dismissing unjust enrichment claim based on fraud for failure to plead claim with particularity).

24

To meet the heightened pleading standard of Rule 9(b), Plaintiff's complaint "must plead the 'who, what, when, where, and how' of the alleged fraud." *Thunander*, 887 F. Supp. 2d at 876 (citing *U.S. ex rel. Joshi v. St. Lukes Hospital, Inc.*, 441, F.3d 552, 556 (8th Cir. 2006)); *Kearns*, 567 F.3d at 1124. Conclusory assertions that conduct was fraudulent or deceptive are insufficient to meet this burden. *Id*. In the absence of particularity, Defendants are left to guess as the factual basis for Plaintiff's claims. This fails to meet the most basic pleading requirements of Rule 8(a), much less the heightened requirements of Rule 9(b).

Here, Plaintiff's consumer protection and unjust enrichment claims under Minnesota and California law are not pled with particularity. Plaintiff alleges that Best Buy knew their comparative price advertising was false, deceptive, and misleading, and "fraudulently concealed from and intentionally failed to disclose to Plaintiff and other members of the Classes the truth about their advertised prices and former prices." [FAC ¶¶ 29, 30.] He then vaguely incorporates by reference unspecified earlier facts. [*See*, *e.g.*, FAC ¶¶ 50, 53, 59, 62, 68, 76, 78, 93.] Alternatively, Plaintiff rests on conclusory allegations that unspecified acts committed by Best Buy are "unlawful," "unfair," "misleading," or "deceptive." [*See* FAC ¶¶ 85, 99-102, 108, 119, 124.] In doing so, the Complaint omits the

required details to provide adequate notice of Plaintiff's individual claims, not to mention those of putative class members.

For example, while Plaintiff alleges when he started searching for a microwave, he does not allege the purchase date, nor the microwave's model number or SKU. The Complaint does not even identify the specific advertisement or marketing materials that allegedly induced Plaintiff to purchase the microwave, or the date the advertisement was published. Plaintiff also generally refers to "Defendants' marketing" [FAC ¶28], but fails to allege when or where he saw the alleged advertisement "SALE LIMITED TIME ONLY"– for example, in the store, online, in a newspaper circular, in an e-mail, or whether the sale price was relayed verbally by an in-store employee, or in another manner—or what it referred to.

Plaintiff attempts to elevate these vague allegations into a "scheme" to defraud consumers. [FAC ¶ 5.] But he fails to provide any details regarding the alleged scheme or to identify each Defendant's respective role. *Moua v. Jani-King of Minnesota, Inc.*, 613 F. Supp. 2d 1103, 1112 (D. Minn. 2009) (dismissing fraud claim where complaint did not particularly describe which defendant was responsible for which misrepresentation). At a minimum, "the plaintiff must allege some representative examples of the fraudulent conduct with particularity." *Select Comfort Corp.*, 796 F. Supp. 2d at 985.

Plaintiff's vague and generic allegations fail to meet the heightened pleading requirements applicable to the alleged misrepresentations and false and deceptive advertising. S*ee, e.g., Hoyt v. Marriott Vacations Worldwide Corp.*, 2014 U.S. Dist. LEXIS 15570, *21 (D. Minn. Feb. 7, 2014) (dismissing consumer protection claims where "plaintiffs have not specifically identified who made the allegedly fraudulent statements, nor have they identified the particular marketing statements and material at issue"). Thus, Plaintiff's consumer protection and unjust enrichment claims under Minnesota and California law lack the particularity required by Rule 9(b) and should be dismissed.

## V.     The Court Should Strike Portions Of The Complaint

Even if not dismissed outright for the reasons above, several portions of the Complaint should be stricken to enforce the mandate of Article III standing, and to eliminate the substantial overbreadth of the putative national and California classes alleged.

### A.     The Court Should Strike The Class Definitions Because They Are Fatally Overbroad

#### 1.     The Proposed Classes Contain Multiple Putative Class Members Who Cannot Satisfy Article III Standing

Article III's standing requirements apply equally to putative class members. *See Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010).

Consequently, proposed classes must be defined in a way to exclude any putative class member who could not bring suit themselves. *Id.* Thus, in the Eighth Circuit, each class member "must have standing and show an injury in fact that is traceable to the defendant and likely to be redressed in a favorable decision." *Halvorson v. Auto-Owners Ins. Co.*, 718 F.3d 773, 778 (8th Cir. 2013); *Perrin v. Papa John's Int'l, Inc.*, 2013 U.S. Dist. LEXIS 181749, *24 (E.D. Mo. Dec. 31, 2013) ("The Court is mindful that it may not certify a class that contains members who lack standing because they had no injury in fact."). Moreover, in the Eighth Circuit, this requirement applies to California consumer protection claims as well. *Avritt*, 615 F.3d at 1034 (finding that to the extent California law "holds that a single injured plaintiff may bring a class action on behalf of a group of individuals who may not have had a cause of action themselves, it is inconsistent with the doctrine of standing as applied by federal courts").

While the defect in the class is exacerbated by the absence of particularity, both the National Class and the California Class include putative class members who, among other things, never saw the advertising, saw additional advertising, saw the advertising but performed product research before making a purchase, and were otherwise fully aware of the market for the products they purchased. The importance of the inquiry about the individual customer's knowledge is well-illustrated by the sophistication of Plaintiff himself and the heightened

28

awareness that must necessarily result from his history in bringing consumer class allegations.

The proposed classes also improperly include members who may have purchased discounted appliances (or other items) where the discounts were properly advertised in comparison to their regular or original prices. *See Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (finding court may strike class allegations when they involve a largely legal determination, and no proffered or potential factual development offers any hope of altering that conclusion"). For example, the discounted prices may have been properly advertised either because of the prices advertised in relation to the former prices at which those same appliances (and items) were sold, or because of the timing of the purchase in relation to the implementation of the price change.

Moreover, Plaintiff's own allegations support the conclusion that the proposed classes include putative class members who purchased appliances that were discounted and advertised appropriately. Plaintiff's action is premised on the theory that the marketing and advertising of every Best Buy appliance offered at a discount from an original retail price was false or misleading. [*Id.* ¶ 35.] Stated differently, Plaintiff extrapolates from his purchase that some systemic practice has infected the sale of every discounted appliance (and other item) at Best Buy stores.

Not only is this theory implausible, it is demonstrably false. In support of his claims, Plaintiff relies upon the website for Consumers' Checkbook/Center for the Study of Services ("CSS"). [FAC ¶¶22-26.] The Complaint misleadingly suggests that multiple products at Best Buy "for almost all of the weeks [CSS] checked were offered at sales prices," and that CSS concluded that Best Buy engaged in improper pricing practices. [FAC ¶¶ 24, 26.]

This is simply not the case. The *full results* of the CSS survey, which Plaintiff fails to acknowledge, demonstrate that all but two products surveyed in Best Buy stores were offered at sale prices for roughly half of the 44-week survey period, ***or less***.[6] The survey found that only a single product being tracked—a "Samsung 24.5 cu. Ft. side-by-side refrigerator with thru-the-door ice and water, black"—was always on sale, and that a second product—an "LG 55" LED 2160p Smart 3D 4K Ultra HDTV, black"—was on sale for 10 weeks in a row and then discontinued:

---

[6]    The CSS survey is located at http://www.checkbook.org/salefail and is incorporated into Plaintiff's Complaint at ¶ 23, n.1. The entire survey may be considered on the motion to dismiss because the complaint refers to and relies upon a portion of it, although it omits the portion fatal to the claim. "[T]he court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 701 (8th Cir. 2003) (quotation omitted). The document is referred to throughout the Complaint and is necessarily embraced by the pleadings. *See e.g. Ernst v. Hinchliff*, 2015 U.S. Dist. LEXIS 119923, at *3 n.5 (D. Minn. July 27, 2015), and *Weitz Co., LLC v. Lexington Ins. Co.*, 2011 U.S. Dist. LEXIS 98355, at *13 n.7 (S.D. Iowa May 25, 2011) (citing Federal Civil Procedure Before Trial, § 9:212.1(a), at 9-67, 9-68).

- **Best Buy**—Two of the items we checked were always on sale (although one of them was discontinued after 10 weeks); two other items were offered at sale prices about half of the time; the others were offered at sale prices one-third of the time or less. Items Best Buy sells at discounted prices are typically offered at less steep "discounts" than those at Sears or Macy's.

| Item/Store | Number of weeks offered at a discount | Number of weeks available for purchase | Percent of weeks offered on sale | Lowest sale price | Highest sale price | Lowest regular price | Highest regular price |
|---|---|---|---|---|---|---|---|
| **Best Buy** | | | | | | | |
| Samsung 24.5 cu. ft. side-by-side refrigerator with thru-the-door ice and water, black | 44 | 44 | 100% | $994.99 | $1,169.99 | $1,299.99 | $1,299.99 |
| Yamaha 500W 5.1-channel 3D home theater system | 8 | 44 | 18% | $349.99 | $399.99 | $429.99 | $429.99 |
| Sony DSC-W800 20.1-megapixel digital camera, black | 8 | 44 | 18% | $69.99 | $69.99 | $79.99 | $79.99 |
| Fitbit Flex wireless activity & sleep tracker wristband, black | 5 | 44 | 11% | $89.99 | $97.90 | $99.99 | $99.99 |
| Hoover WindTunnel 2 bagless upright vacuum | 25 | 44 | 57% | $69.99 | $99.99 | $109.99 | $109.99 |
| LG 55" LED 1080p 120Hz HDTV | 3 | 9 | 33% | $549.99 | $699.99 | $799.99 | $799.99 |
| LG 55" LED 2160p Smart 3D 4K Ultra HDTV, black | 10 | 10 | 100% | $1,299.99 | $1,699.99 | $1,999.99 | $1,999.99 |
| Apple iPad Air with wi-fi 128GB, silver | 22 | 44 | 50% | $649.99 | $692.99 | $699.99 | $799.99 |

[Ex. 1, CSS Survey.]

Based on this survey, CSS concluded that three national retailers—***but not Best Buy***—were engaged in deceptive advertising practices. [*Id.*] Thus, contrary to the Complaint's implications, the CSS survey reveals that Best Buy's pricing practices were appropriate, and highlights the overbreadth of Plaintiff's proposed classes.

Both the National Class and the California Class are therefore impermissibly overbroad because they include numerous putative class members who were uninjured and therefore lack standing. *See Halvorson*, 718 F.3d at 778 (finding proposed class must be defined in a way that does not

contain any putative class members that lack standing). Thus, the Court should strike the class definitions. *See In re St. Jude Med. Inc.*, 2009 U.S. Dist. LEXIS 54286, *5-6, (D. Minn. June 23, 2009) ("Where a plaintiff's class allegations are insufficient to satisfy the requirements for certification, the Court has authority to strike those allegations under Rule 23(d)(1)(D)."); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 184 n.6 (1974) ("Under [Rule 23(d)(1)(D)], the District Court may in some instances require that pleadings be amended to eliminate class allegations.").

### 2.    Plaintiff's Inexact Class Definitions Include Unintended Putative Class Members

Plaintiff complains of the "false and misleading representation" of prices by Best Buy for "merchandise sold in their retail stores," including appliances and other items. [*See, e.g.*, FAC ¶ 1.] The Complaint, however, does not contain a single allegation relating to purchases made online or anywhere else for that matter. But neither class definition is limited solely to purchases made in brick and mortar Best Buy stores. [FAC ¶¶ 35-36.] Nor could the Complaint be amended to include such purchases since plaintiff has not alleged he relied upon any online advertisement. Thus, the class definitions must be stricken from the FAC as impermissibly overbroad. *See* Fed. R. Civ. P. 12(f), 23(c)(2), 23(d)(1)(D); *In re St. Jude Med. Inc.*, 2009 U.S. Dist. LEXIS 54286, *5-6.

**B.    The Court Should Strike The National Class Based On the Extraterritoriality Doctrine**

Minnesota consumer protection laws cannot apply to the claims of putative nonresident class members who, like Plaintiff, purchased appliances from Best Buy stores in states other than Minnesota. To determine the extraterritorial reach of any state's consumer protection laws to nonresidents, the Eighth Circuit applies a three-part analysis: (1) the statute must apply extraterritorially by its own terms; (2) the statute must be applicable after a "thorough" choice-of-law analysis; and (3) the application of Minnesota law cannot violate Due Process. *See In re Syngenta AG MIR 162 Corn Litig.*, 2015 U.S. Dist. LEXIS 124087, *304 (D. Kan. Sept. 11, 2015) (citing *Cruz v. Lawson Software, Inc.*, 2010 U.S. Dist. LEXIS 33437, 2010 WL 890038, at *3-9 (D. Minn. Jan. 5, 2010); *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1120-21 (8th Cir. 2005)).

**1.    Minnesota Consumer Protection Laws Do Not Apply Extraterritorially Under Their Own Terms**

Minnesota imposes "a presumption against the extra-territorial application of state law." *Olson v. Push, Inc.*, 2014 U.S. Dist. LEXIS 115059, *5 (D. Minn. Aug. 19, 2014) (explaining that this presumption "prevents potential conflicts of law that might arise if one state's statute were to be applied to persons within the borders of another state"*); Arnold v. Cargill Inc.*, 2002 U.S. Dist. LEXIS 13045, *7 (D. Minn. July 15, 2002) (finding Minnesota human rights act does not apply to

non-residents). Moreover, none of the Minnesota consumer protection statutes asserted in the Complaint—the MCFA, MUTPA, MUDTPA, and MFSAA— explicitly applies to injuries to nonresidents. *See*, *e.g.*, *Syngenta*, 2015 U.S. Dist. LEXIS 124087, *305 (finding that Minnesota consumer protection statutes, including MCFA and MUTPA, do not contain any language "allowing for their extra-territorial application" and therefore "these statutes may be applied . . . only to conduct taking place in Minnesota").

At most, the MCFA applies to acts of foreign corporations, but the clear language of the statue does not extend to injuries suffered by nonresidents as a result of misconduct by Minnesota corporations. *See* Minn. Stat. § 325F.68-F.69. None of the other Minnesota consumer protection statutes asserted by Plaintiff arguably even extends that far, and Plaintiff does not allege that they do. *See*, *e.g.*, Minn. Stat. § 325D.10; *see also* Minn. Stat. § 325D.09 ("The legislature . . . declares that the public policy of the state requires, and that the general welfare of the state will be benefited by, the suppression of the trade practices hereinafter defined."). *Cf. Perras v. H&R Block*, 789 F.3d 914, 917-18 (8th Cir. June 18, 2015) (finding that however broad the scope of the Missouri Merchandising Practices Act, it does not regulate out-of-state transactions involving out-of-state class members; other states consumer protection statutes govern those claims).

### 2. Choice-of-Law Principles Do Not Allow Minnesota Law To Apply To All Nonresidents' Claims

Without question, there are conflicts between Minnesota's consumer protection and unjust enrichment laws and the laws of the other states. *See In re St. Jude Medical, Inc.*, 425 F.3d 1116 (8th Cir. 2005) ("state consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's law to sales in other states with different rules"); *Tyler v. Alltel Corp.*, 265 F.R.D. 415, 423 (E.D. Ark. 2010) ("The law of unjust enrichment varies from state to state in material respects."); *Cruz v. Lawson Software, Inc.*, 2010 U.S. Dist. LEXIS 33437, *15 (D. Minn. Jan. 5, 2010) ("Clearly, there are material conflicts among many of the unjust enrichment laws of the various states in which putative class members reside.").

Moreover, after performing Minnesota's choice-of-law analysis, each state's law likely would apply to its own residents.[7] *See, e.g.*, *Syngenta*, 2015 U.S. Dist. LEXIS 124087, *308 (finding claims of nonresidents are subject to dismissal because Minnesota law would not be chosen after choice-of-law analysis as the applicable law governing claims by the non-residents). Minnesota courts consider five factors when determining whether to apply Minnesota law or the

---

[7]    It bears noting that the Ninth Circuit has reached a similar conclusion about California law in rejecting national class allegations in light of differences among states' consumer protection laws. *See Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012).

law of another state: (1) predictability of results; (2) maintenance of interstate order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law. *See Rapp v. Green Tree Servicing, LLC*, 302 F.R.D. 505, 516-17 (D. Minn. 2014).

Plaintiff has not alleged that application of Minnesota law would be preferable for any of these reasons. Nonresident putative class members suffered their alleged damage while buying appliances at Best Buy stores outside of Minnesota, in their home states, and Plaintiff cannot dispute that at least some state's consumer protection states would apply instead of Minnesota's. Thus, plaintiffs in those states could not assert claims under Minnesota's consumer protection statutes.

### 3.    Based On The Allegations In The Complaint, Application Of Minnesota Law Would Violate Due Process

Lastly, the Court must assess the extent to which Best Buy's alleged misconduct in other states is connected to Minnesota in order to determine whether application of Minnesota's consumer protection laws to other state's residents would violate Due Process both for the Defendants and the putative nonresident class members. *See St. Jude*, 425 F.3d at 1120; *Syngenta*, 2015 U.S. Dist. LEXIS 124087, *307 (finding application of Minnesota consumer protection law would violate Due Process for the same reasons they "may not apply extra-

36

territorially"); *Cruz*, 2010 U.S. Dist. LEXIS 33437, *17 (finding application of Minnesota law would violate Due Process because resident of another state would be surprised to have Minnesota law apply even where defendant had significant contacts with Minnesota, including that its principal place of business and corporate headquarters were located in Minnesota and that all relevant policy decisions were made in Minnesota); *see also Perras*, 789 F.3d at 917-18 (finding no ties between allegedly fraudulent transactions and Missouri even where (a) defendant's headquarters were in Missouri and (b) the allegedly fraudulent practice was designed there because (c) every part of the allegedly improper transactions occurred outside of Missouri class members' home states).

As in *St. Jude*, here there simply "is no indication out-of-state parties 'had any idea that [Minnesota] law could control' potential claims when they" purchased their appliances. *Id*. at 1120; *Tyler*, 265 F.R.D. at 426 ("any failure to disclose or any fraudulent conduct nevertheless occurred at the point of sale . . . a customer contracting for Alltel's services could reasonably expect that the law of his home state would govern claims relating to that transaction"); *see also Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012) (vacating class certification where "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place").

### C.   The Court Should Strike Plaintiff's Class Allegations Because They Cannot Satisfy Predominance

Plaintiff's proposed classes include every purchaser of discounted merchandise—appliances nationally, and all items in California—from Best Buy since 2009.[8] Resolution of the class claims will unquestionably require countless individual inquiries that will overwhelm common questions, if any exist.

To be certified under Rule 23(b)(3), a plaintiff must show that common questions (and answers) predominate over questions affecting individual members. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615, 623-24 (1997) (finding inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation"). Class allegations are subject to dismissal where the individualized nature of the claims render them insufficient to satisfy Rule 23's predominance requirement. *See McCrary v. Stifel Nicolaus & Co.*, 687 F.3d 1052, 1059 (8th Cir. 2012) (finding courts may dismiss class claims at the pleading stage that fail to meet the requirements of Rule 23).

Plaintiff's claims for deception under Minnesota and California consumer protection law would require a fact-intensive inquiry specific to each putative class member, including the product purchased, respective pricing history in the

---

[8]   The periods for the California class claims are shorter. The statute of limitations on the UCL and FAL claims is four years, Cal. Bus. & Prof. Code § 17208, and the statute of the CLRA claim is three years, Cal. Civ. Code § 1783.

individual store where the product was purchased, and the advertisement(s) seen and relied upon by the putative class member.

For example, the elements of materiality and reliance for the California Class claims are not subject to common proof where, as here, there are no allegations of a long-term fraudulent campaign or that all putative class members were exposed to the same advertisements. *See Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1068 (9th Cir. 2014); *Mazza*, 666 F.3d at 596; *see also Davis-Miller v. Auto. Club of S. California*, 201 Cal. App. 4th 106, 124 (Cal. Ct. App. 2011) ("An inference of classwide reliance cannot be made where there is no evidence that the allegedly false representations were uniformly made to all members of the proposed class"); *Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966, 980 (Cal. Ct. App. 2009) (finding "the UCL does not 'authorize an award for injunctive relief and/or restitution on behalf of a consumer who was never exposed in any way to an allegedly wrongful business practice.'").

## VI.    Conclusion

Best Buy respectfully requests that the Court dismiss each claim asserted by Plaintiff in the Complaint and strike the deficient allegations as set forth above.

December 22, 2015               **Robins Kaplan LLP**


By: */s/ Seth A. Nielsen*
    Anne M. Lockner (0295516)
    Seth A. Nielsen (0390699)

       2800 LaSalle Plaza
       800 LaSalle Avenue
       Minneapolis, MN 55402

       T: 612-349-8500
       F: 612-339-4181

    Michael A. Geibelson (admitted *pro hac vice*)

       2049 Century Park East
       Suite 3400
       Los Angeles, CA 90067

       T: 310-552-0130
       F: 310-229-5800

    *Attorneys for Defendants Best Buy Co., Inc. and Best Buy Stores, L.P.*

61139641.1